I respectfully dissent from the majority in its analysis and disposition of the appellant's sole assignment of error. In State v. Edmonson (1999), 86 Ohio St.3d 324, the Ohio Supreme Court found that "[t]he structure of the various sentencing statutes suggests that the General Assembly approached felony sentencing by mandating a record reflecting that judges considered certain factors and presumptions to confirm that the court's decision-making process included all of the statutorily required sentencing considerations." Edmonson at p. 327. While Edmonson post dates the case sub judice, Edmonson does deal with the purpose of the sentencing statutes. Those statutes have undergone some modifications between the date of the offense in the case sub judice and the Edmonson case, but none of those modifications have been drastic enough to indicate that the Edmonson rationale is not relevant to an interpretation of the purpose of the sentencing statutes. Therefore, I would conclude that the trial court in the case sub judice, in imposing consecutive service, should have indicated in the record that it considered R.C. 2929.14(E)(3) and should have specified and set forth the statutory language it used to support that sentence. I find that in the case sub judice the trial court did not do this. Neither on the record at the sentencing hearing nor in the March 4, 1997, Sentencing Judgment Entry did the trial court conclude that consecutive service was necessary to protect the public from future crime or to punish the offender. Nor did the trial court state that the seriousness of the offenses required consecutive service, or that the danger posed to the public by the offender was great. Finally, the record reveals that the trial court failed to make any of the findings required by R.C. 2929.14(E)(3)(a) through (c) prior to imposing consecutive sentences on appellant. R.C.2929.14(E)(3) is not referred to at the sentencing hearing nor in the sentencing Judgment Entry. In sum, I would find that the trial court erred in not specifying the statutory language that it used to support the imposition of consecutive service. I would, therefore, sustain appellant's sole assignment of error, vacate appellant's sentence and remand this matter to the trial court for resentencing.
 ______________________ Julie A. Edwards, P.J.